J-S05009-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEFFERY JOSEPH ANDERSON | : | |
| | : | |
| Appellant | : | No. 897 WDA 2022 |

Appeal from the Judgment of Sentence Entered April 19, 2021
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0000593-2020,
CP-25-CR-0003063-2019

BEFORE:  BENDER, P.J.E., LAZARUS, J., and McLAUGHLIN, J.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED:  April 20, 2023**

Appellant, Jeffery Joseph Anderson, appeals *nunc pro tunc* from the aggregate judgment of sentence of 27 to 60 months' incarceration, imposed after he pled guilty, in two separate cases, to burglary and receiving stolen property.  On appeal, Appellant maintains that his plea was involuntary.  After careful review, we affirm.

The facts underlying Appellant's convictions are not relevant to our disposition of his instant appeal.  The procedural history of his case can be summarized as follows.  On February 8, 2021, Appellant entered guilty pleas, in two separate cases, to the above-stated offenses.  On April 19, 2021, Appellant was sentenced to the aggregate term set forth above.  He did not file a post-sentence motion or direct appeal.

On April 7, 2022, Appellant filed a *pro se* petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. On April 20, 2022, the PCRA court entered an order reinstating Appellant's post-sentence motion and appeal rights *nunc pro tunc*. The order also stated that Tina Fryling, Esq., was appointed to represent Appellant, and that "[c]ounsel shall file a post-sentence motion within 30 days." Order, 4/20/22, at 1 (single page).

On May 23, 2022, Attorney Fryling filed a motion for an extension of time to file a post-sentence motion. Although that motion was facially untimely, as the prior order directed counsel to file a post-sentence motion within 30 days from April 20, 2022 (which would have been Friday, May 20, 2022), the trial court nevertheless granted the motion on May 23, 2022. The court gave Attorney Fryling 14 days from "the date the transcripts are filed with the Clerk of Courts and [Appellant's] counsel is notified in writing of the filing…." Order, 5/23/22, at 1 (single page; unnecessary capitalization omitted). The trial court's docket shows that transcripts were filed on July 6 and July 7, 2022. Attorney Fryling filed a post-sentence motion on July 8, 2022, and the trial court denied that motion on July 12, 2022.

Attorney Fryling filed a notice of appeal on August 10, 2022. The notice of appeal lists both trial court docket numbers, implicating **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018) (holding that an appellant is required to file separate notices of appeal when a single order resolves issues arising on more than one trial court docket). Accordingly, on October 12, 2022, this Court issued an order directing Attorney Fryling to show cause why the appeal

should not be quashed as untimely, as a facially untimely post-sentence motion does not toll the 30-day appeal period. **See Commonwealth v. Dreves**, 839 A.2d 1122, 1125-29 (Pa. Super. 2003) (*en banc*). Counsel filed a timely response on October 18, 2022, wherein she simply stated, "I do not have any further information to add to the Court's information regarding the filing of the Motion for Extension in this case." Response, 10/18/22, at 1 (single page). Nevertheless, we discharged the show-cause order and deferred the matter to this panel. Thus, before addressing the issue Appellant raises herein, we must examine the timeliness of the present appeal, as well as whether quashal is appropriate under **Walker**.

First, we conclude that Appellant's appeal is timely, as a breakdown in the operations of the court occurred in this case. Specifically, Pennsylvania Rule of Criminal Procedure 114(C)(2)(c) states that trial court docket entries "shall contain … the date of service of the order or court notice." Pa.R.Crim.P. 114(C)(2)(c). Further, "in computing any period of time under these rules involving the date of entry of an order by a court…, the day of entry shall be the day the clerk of the court … mails or delivers copies of the order to the parties." Pa.R.A.P. 108(a)(1). **See also Commonwealth v. Carter**, 122 A.3d 388, 390-92 (Pa. Super. 2015) (directing that the appeal period does not run until the clerk of court mails or delivers copies of the order to the parties as shown on the docket). Here, the trial court's docket entry for the April 20, 2022 order does not list service on Attorney Fryling, who was appointed to represent Appellant in that same order. **See** Pa.R.Crim.P. 114(B)(1) ("A copy

of any order or court notice promptly shall be served on each party's attorney…."). Because the trial court entry does not appropriately list service on counsel for Appellant, we conclude that the appeal period did not begin to run on April 20, 2022. *See Commonwealth v. Jerman*, 762 A.2d 366, 368 (Pa. Super. 2000) (finding that because there was no indication on the trial court's docket that the clerk furnished a copy of the final order to the appellant, we would "assume the period for taking an appeal was never triggered," and consider the appeal as being timely).

Further, the April 20, 2022 order only stated that Attorney Fryling shall file a post-sentence motion within 30 days; it did not advise Appellant that an appeal must be filed within 30 days if no post-sentence motion was filed. *See Commonwealth v. Patterson*, 940 A.2d 493, 498 (Pa. Super. 2007) (concluding that a breakdown in the operations of the court occurs in instances where the court misadvises or fails to advise appellants of their appeal rights). A breakdown may excuse the untimely filing of a notice of appeal. *Id.* at 499. Instantly, because the order reinstating Appellant's appeal rights did not advise him of the time limit within which to file a notice of appeal in the absence of a post-sentence motion, there was a breakdown in the operations of the court that excuses the untimeliness of Appellant's notice of appeal.

Second, we address Attorney Fryling's decision to file a single notice of appeal from orders entered at two trial court docket numbers. While a *Walker* violation may result in the quashal of an appeal, there are exceptions to the rule. For instance, in *Commonwealth v. Stansbury*, 219 A.3d 157, 160 (Pa.

Super. 2019), this Court concluded that a breakdown in the operations of the court occurs when a court misadvises an appellant that they can pursue appellate review by filing a single notice of appeal, even though the court is addressing cases at multiple docket numbers. *See also Commonwealth v. Larkin*, 235 A.3d 350, 352-54 (Pa. Super. 2020) (*en banc*) (reaffirming *Stansbury*); *and see Patterson*, 940 A.2d at 498 ("The courts of this Commonwealth have held that a court breakdown occurred in instances where the trial court, at the time of sentencing, either failed to advise [appellants] of [their] post-sentence and appellate rights or misadvised [them]"). Here, the order denying Appellant's post-sentence motion listed two trial court docket numbers and did not advise Appellant of his appeal rights. We find that this constituted a breakdown pursuant to *Stansbury*, *Larkin*, and *Patterson*. Thus, we do not quash Appellant's appeal, despite his *Walker* violation.

We now move on to addressing the following, single claim that Appellant raises for our review: "[Appellant's] plea was unknowingly and involuntarily entered when [Appellant's] counsel indicated they were not prepared for trial." Appellant's Brief at 2.

Appellant "argues that he did not enter his plea knowingly and involuntarily" because, while "he had informed his trial counsel that he wished to take his case to trial, … his attorney stated to him at the time of his plea that [counsel was] unprepared to go to trial and that [Appellant] should enter a plea." *Id.* at 3. As evidence of counsel's lack of preparedness, Appellant

- 5 -

contends that his counsel "did not file some of the necessary motions that would have assisted with evidentiary issues that were present in his case." *Id.*

Additionally, as proof that he only pled guilty after "being pressured … by his attorney," Appellant stresses that "[o]n December 15, 2020, prior to entering his plea, [he] filed a letter with the Erie County Clerk of Courts Office, in which he expressed his desire to take his case to trial." *Id.* Specifically, in the letter (which Appellant attached to his petition), he

> sets forth [his] concern over his attorney's lack of correspondence with him and his request that his case move towards trial, rather than being continued. He also states that he had given his attorney names of witnesses and other information for trial, and he analyzes his case in general and states that he is confident that he will prevail at trial. He specifically writes regarding a specific witness[,] "[S]ince the prosecutions [*sic*] entire case relies on her credibility, then I am confident of our chances. So, any further continuances are a waste of time. If the [Assistant District Attorney] doesn't wish to resolve things prior, then lets [*sic*] do trial[."] He also requests that a bench trial be requested if it will help with the delay. In that letter, [Appellant] also requests that trial counsel pursue some pre-trial evidentiary issues, which he believed would have assisted his victory at trial. These issues include the illegal search of his phone and residence, counsel's failure to provide electronic discovery to him, and issues regarding the values of stolen items. There is no evidence in the record that those motions were ever filed or pursued by counsel, and [Appellant] specifically maintains that those avenues were never pursued by counsel.

*Id.* at 4-5.

According to Appellant, this letter demonstrates that he "clearly wished to go to trial as of December" of 2020. *Id.* at 5. Furthermore, "[h]e maintains that he did not change his intention regarding not entering a plea, and there

is no written evidence submitted after his original letter that would demonstrate any change of his intention in this regard." ***Id.*** at 4. Therefore, Appellant avers that the record proves his plea was involuntarily and unknowingly entered, and the court erred by not permitting him to withdraw it.

Initially, we note that,

[i]n ***Commonwealth v. Broaden***, 980 A.3d 124 (Pa. Super. 2009), we summarized the principles governing post-sentence motions to withdraw pleas:

[P]ost-sentence motions for withdrawal are subject to higher scrutiny since courts strive to discourage entry of guilty pleas as sentence-testing devices. A defendant must demonstrate that manifest injustice would result if the court were to deny his post-sentence motion to withdraw a guilty plea. Manifest injustice may be established if the plea was not tendered knowingly, intelligently, and voluntarily. In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea. A deficient plea does not *per se* establish prejudice on the order of manifest injustice.

***Id.*** at 129 (citations omitted). "It is well-settled that the decision whether to permit a defendant to withdraw a guilty plea is within the sound discretion of the trial court." ***Commonwealth v. Hart***, 174 A.3d 660, 664 (Pa. Super. 2017) (applying abuse of discretion in post-sentencing context). The term discretion

imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion, and discretionary power can only exist within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judges. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary action. Discretion is abused when the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will.

- 7 -

> ***Commonwealth v. Shaffer***, … 712 A.2d 749, 751 ([Pa.] 1998)
> (citation omitted).

***Commonwealth v. Kehr***, 180 A.3d 754, 756–57 (Pa. Super. 2018).

Here, the trial court concluded that "Appellant's claim that his pleas were entered involuntarily is belied by the record." Trial Court Opinion (TCO), 9/6/22, at 1. It explained:

> Appellant was represented by counsel and was informed of his rights prior to entering a guilty plea:
>
>> [The Commonwealth]: Good afternoon, Your honor. We are here — obviously, we were scheduled for a plea [for Appellant] at Dockets 3063 of [20]19 and 593 of 2020. It was scheduled for trial today, but I believe a plea agreement has been reached or a plea has been reached. First and foremost, [Appellant], were you in the [c]ourtroom a moment ago when I went over the rights that you have prior to entering a guilty plea?
>>
>> [Appellant]: Yes.
>>
>> [The Commonwealth]: Do you have any questions about those rights?
>>
>> [Appellant]: No.
>
> [N.T. Plea, 2/8/21, at] 5-6. The Commonwealth informed Appellant that in exchange for pleading guilty at the two counts, the remaining counts would be nolle prossed. [***Id.*** at 6.] The Commonwealth also explained the maximum possible sentences Appellant could face. [***Id.*** at 7.] In response, Appellant indicated he understood the plea agreement and signed his Statement of Understanding of Rights. [***Id.*** at] 6-9.
>
>> The Court: Sir, do you understand your rights?
>>
>> [Appellant]: Yes, Your Honor.
>>
>> The Court: Do you understand the plea agreement?
>>
>> [Appellant]: Yes, Your Honor.
>>
>> The Court: Do you understand the elements of crimes to which you're pleading guilty?

[Appellant]: Yes, Your Honor.

The Court: Are you guilty of those crimes?

[Appellant]: Yes, Your Honor.

The Court: [Is a]nyone forcing you to do this or threaten[ing] you or promis[ing] you anything to take this plea?

[Appellant]: No, Your Honor.

[*Id.* at] 9-10. Thus, the record demonstrates that Appellant entered his pleas knowingly and voluntarily. As to Appellant's claim that he filed a letter indicating his desire to go to trial, that letter was filed December 15, 2020, almost two months prior to entering the guilty plea. No such request was docketed after the plea. Moreover, at his April 19, 2021[] sentencing, Appellant did not indicate a desire to withdraw his plea.

For the foregoing reasons, Appellant's appeal is meritless and should be dismissed.

TCO at 1-2.

We discern no abuse of discretion in the court's decision. Although Appellant wrote a letter in December of 2020 expressing his desire to proceed to trial, at the guilty plea hearing two months later, he did not reiterate that wish. Instead, he confirmed that he understood the terms of the plea, the maximum sentences he faced, the rights he was giving up by pleading guilty, and that he was making the decision of his own free will. At no point did Appellant indicate that his attorney was pressuring him to plead guilty, or that he was unhappy with his counsel's failure to file pretrial motions.[1] Accordingly,

---

[1] To the extent Appellant suggests his counsel acted ineffectively in these regards, the circumstances permitting us to review such claims on direct appeal are not present in this case. *See Commonwealth v. Holmes*, 79
*(Footnote Continued Next Page)*

the trial court did not abuse its discretion in concluding that Appellant's plea was knowingly and voluntarily entered, and that no manifest injustice would result by denying his post-sentence motion to withdraw his plea.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/20/2023

---

A.3d 562, 577-78 (Pa. 2013) (reaffirming that, absent certain circumstances, claims of ineffective assistance of counsel should be deferred until collateral review under the PCRA, unless the trial court addressed the claim(s) of ineffectiveness because they are "both meritorious and apparent from the record so that immediate consideration and relief is warranted," or the appellant's request for review of "prolix" ineffectiveness claims is "accompanied by a knowing, voluntary, and express waiver of PCRA review").